UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-60655 CIV-GRAHAM

MAGISTRATE JUDGE GARBER

GERALD BAGWELL, individually
and on behalf of all others similarly situated,

    Plaintiff,

vs.

FLORIDA BROADBAND, LLC, a Florida
Limited Liability Company, and DEAN C.
LOVETT, individually,

    Defendants.
_____/

## COMPLAINT

Plaintiff, GERALD BAGWELL ("BAGWELL"), by and through his undersigned attorneys, individually, and on behalf of all others similarly situated, files this, his Complaint against Defendants, FLORIDA BROADBAND, LLC ("FLORIDA BROADBAND"), a Florida Limited Liability Company, and DEAN C. LOVETT in his individual capacity, ("LOVETT"), and states as follows:

### INTRODUCTION

1.    This is a proceeding for monetary damages to redress the deprivation of rights secured to Plaintiff and all past and current employees of FLORIDA BROADBAND, LLC similarly situated to him, by the minimum wage and maximum hour provisions of Section 7 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*, ("FLSA").

### JURISDICTION

2.    The jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

### VENUE

1



3. The venue of this Court over this controversy is based upon the following:

   a. The unlawful employment practices alleged below occurred and/or were committed within Broward County, Florida;

   b. Defendant, FLORIDA BROADBAND, was and continues to be a corporation doing business within this judicial district; and

   c. Based upon information and belief, Defendant, DEAN C. LOVETT, was and continues to be a resident of Broward County, Florida.

## PARTIES

4. At all times material hereto, Plaintiff, BAGWELL, was and continues to be a resident of Broward County, Florida.

5. At all times material hereto, Plaintiff, BAGWELL, was an "employee" of FLORIDA BROADBAND, within the meaning of the FLSA.

6. At all times material hereto, Defendant, FLORIDA BROADBAND, was and continues to be a limited liability company organized under the laws of the State of Florida. Further, at all times material hereto, Defendant, FLORIDA BROADBAND, was and continues to be engaged in business in Broward County, Florida.

7. At all times material hereto, Defendants were the employer or former employer of Plaintiff, BAGWELL.

8. At all times material hereto, Plaintiff, BAGWELL, was an "employee" within the meaning of the FLSA.

9. At all times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the FLSA.

10. At all times material hereto, Defendant FLORIDA BROADBAND was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

2

Alternatively, Defendant FLORIDA BROADBAND used instrumentalities that had been moved in interstate commerce and Plaintiff's job responsibilities involved the use of *instruments* of interstate commerce.

11. At all times material hereto, the work performed by Plaintiff, BAGWELL, was directly essential to the business performed by Defendants.

12. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of 29 U.S.C. §§ 206(a) and 207(a)(1) of the FLSA.

13. At all times material hereto, Defendant, DEAN C. LOVETT, was and continues to be an Officer of Defendant, FLORIDA BROADBAND.

14. At all times material hereto, Defendant, DEAN C. LOVETT, was acting in the interests of the corporate Defendant by setting all wage and hour policies at the business.

15. Plaintiff, BAGWELL, has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

16. Plaintiff was employed by Defendant from approximately May of 2003 through January 2004.

17. During the time of Plaintiff's employment with Defendants, his title was "Network Operations Engineer" but, contrary to the implications of the title, Plaintiff had no responsibilities to justify exempting him from the maximum hour provisions of the Fair Labor Standards Act.

## STATEMENT OF FACTS

18. During the time of his employment, Plaintiff regularly worked in excess of forty (40) hours per week but was paid a salary of approximately Fifty Thousand Dollars ($50,000) per year which was not supplemented, even when he worked substantial numbers of hours in excess of forty (40) per wek.

19. Upon information and belief, other employees of Defendants also were paid on a

3

salary basis when they were not exempt employees within the meaning of the maximum hour provisions of the Fair Labor Standards Act, and also worked in excess of forty (40) hours per week.

20.  In addition to the above, Defendants failed to maintain proper time records as mandated by 29 U.S.C. §211 and by the regulations promulgated by the United States Department of Labor.

21.  Defendants violated 29 U.S.C. §207 by failing to pay Plaintiff for hours worked in excess of forty (40) and by intentionally misclassifying him as an exempt employee when, indeed, there is no basis for such exemption.

### STATEMENT OF CLAIM

### COUNT I
### VIOLATION OF 29 U.S.C. § 207
### OVERTIME COMPENSATION

Plaintiff realleges and reavers paragraphs 1 through 21 of this Complaint as if fully set forth herein.

22.  By misclassifying Plaintiff and others similarly situated as exempt with no provision for the payment of overtime, Defendant FLORIDA BROADBAND has violated Plaintiff's rights pursuant to the Fair Labor Standards Act, as well as the rights of others who are similarly situated who may opt-in to this action.

23.  Defendants' conduct was willful, thus entitling Plaintiff and others similarly situated to recover liquidated damages equal to the amount of unpaid overtime.

24.  In 2003, Plaintiff worked approximately Five Hundred Fifty (550) hours of overtime.  In 2004, Plaintiff worked approximately Two Hundred Forty-One and One-Half (240.5) hours.  Defendant has not made arrangements to pay Plaintiff or others similarly situated for the overtime that they worked.

25.  Plaintiff is entitled to an award of his reasonable attorneys' fees and costs pursuant

to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff BAGWELL, demands judgment against Defendant FLORIDA BROADBAND for his damages, costs of suit, liquidated damages, attorneys' fees, and whatever other relief the Court deems just and proper.

## COUNT II

Plaintiff realleges and reavers paragraphs 1 through 25 of this Complaint as if fully set forth herein.

26. DEAN C. LOVETT, as the principal officer of FLORIDA BROADBAND, LLC, who made decisions regarding the operation of Defendant FLORIDA BROADBAND, LLC and its payment methods, is individually liable for the violations of the Fair Labor Standards Act by the company pursuant to the Fair Labor Standards Act.

WHEREFORE, Plaintiff demands judgment against Defendant DEAN C. LOVETT, for his damages, costs of suit, liquidated damages, attorneys' fees, and whatever other relief the Court deems just and proper.

**DATED** this ___ day of May, 2004.

Respectfully submitted,

ROTHSTEIN, ROSENFELDT,
DOLIN & PANCIER, P.A.
**Attorneys for Plaintiff**
300 Las Olas Center
300 SE 2nd Street, Suite 860
Ft. Lauderdale, FL 33301
TEL: (954) 522-3456/FAX: (954) 527-8663

_____
Stuart A. Rosenfeldt, Esq.
Fla. Bar No. 316113

## CONSENT

I, GERALD BAGWELL, hereby consent to the law firm of Rothstein, Rosenfeldt, Dolin & Pancier, P.A. filing a lawsuit on my behalf against Florida Broadband, LLC for the purposes of securing unpaid overtime premiums.

_____
GERALD BAGWELL

Date: May 10, 2004

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I(a) PLAINTIFFS** 04-60655

GERALD BAGWELL, individually and on behalf of all others similarly situated

**DEFENDANTS** CIV-GRAHAM

FLORIDA BROADBAND, LLC, a Florida Limited Liability Company, and DEAN C. LOVETT, individually

MAGISTRATE JUDGE GARBER

0:04cv60655 Graham/Garber

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** ____
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** ____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Stuart A. Rosenfeldt, Esq., Rothstein, Rosenfeldt, Dolin & Pancier, P.A., 300 Las Olas Place, Suite 860, 300 SE 2nd Street, Fort Lauderdale, FL 33301 954-522-3456

**ATTORNEYS (IF KNOWN)**

**(d) CIRCLE COUNTY WHERE ACTION AROSE:**
DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)

- [ ] 1. U.S. Government Plaintiff
- [x] 3. Federal Question (U.S. Government Not a Party)
- [ ] 2. U.S. Government Defendant
- [ ] 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Case Only) (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporation and Principal Place of Business in This State | ☐ 1 | ☐ 1 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporation and Principal Place of Business in Another State | ☐ 2 | ☐ 2 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 3 | ☐ 3 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

**IVa.** __4-5__ days estimated (for both sides) to try entire case

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS | B FORFEITURE PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane ☐ 362 Pers Injury-Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability ☐ 365 Personal Injury-Prod. Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **A PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander ☐ 368 Asbestos Personnel Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (excl Veterans) B | ☐ 340 Marine ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **B SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 345 Marine Product Liability ☐ 371 Truth in Lending B | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities /Commodities /Exchange |
| ☐ 160 Stockholder's Suits | ☐ 350 Motor Vehicle ☐ 380 Other Personnel Property Damage | | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability ☐ 385 Property Damage Product Liability | **A LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **B PRISONER PETITIONS** | ☐ 720 Labor Management Relations B | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor Management Reporting & Disclosure Act | | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure B | ☒ 442 Employment | ☐ 530 General* | ☐ 740 Railway Labor Act | **A FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other* | ☐ 791 Employee Ret Inc Security Act B | ☐ 871 IRS-Third Party 26b USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights *A or B | | | ☐ 890 Other Statutory Actions* *A or B |
| ☐ 290 All Other Real Property | | | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

- [x] 1. Original Proceeding
- [ ] 2. Removed from State Court
- [ ] 3. Remanded from Appellate Court
- [ ] 4. Refiled
- [ ] 5. Transferred from another district (specify)
- [ ] 6. Multidistrict Litigation
- [ ] 7. Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT**

CHECK IF THIS IS A ☐ UNDER F.R.C.P.23

CLASS ACTION Yes   DEMAND $ N/A

☐ Check YES only if demanded in complaint
JURY DEMAND: [x] YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions): JUDGE ____ DOCKET NUMBER ____

DATE 5/17/04   SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

FOR OFFICE USE ONLY: Receipt No. 231087   Amount: ____  Date Paid: ____   M/ifp: ____

S/F 1-2 REV 9/94

FTL/LINP/266449/5pld01!.DOC/5/17/04/26094.010400