# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 04-60655-CIV-GRAHAM/GARBER

GERALD BAGWELL, individually
and on behalf of all others similarly situated,

      Plaintiff,

vs.

FLORIDA BROADBAND, LLC, a Florida
Limited Liability Company, and DEAN C.
LOVETT, individually,

      Defendants.

_____/

## PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' EXPERT WITNESS

Plaintiff, Gerald Bagwell, ("Bagwell"), through undersigned counsel, pursuant to Rule 12(f), Fed.R.Civ.P., Rule 702, Fed.R.Evid., and Local Rule 16.1(M), S.D.Fla.LR., moves to strike Defendants' Expert witness and states the following:

1.     This is an action for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). Specifically, Plaintiff, Bagwell, was denied overtime compensation for all hours worked over forty (40) as required by section 7 of the FLSA.

2.     In this Court's original trial order dated July 23, 2004, this Court set the deadline to disclose experts along with summaries/reports required by Local Rule 16.1(K), S.D.Fla.LR. for January 26, 2005.

3.     On January 26, 2005, Defendants submitted their Expert Witness Disclosure. A copy of the January 26, 2005 disclosure is attached hereto as Exhibit "A." In their disclosure, Defendants merely state that they would be using Jorge Rivero as an expert. In fact, Defendants specifically state that "Mr. Rivero has not yet been engaged to prepare an expert witness report." Defendants have not complied with the requirements of Local Rule 16.1(K) or this Court's Order

1

in that the disclosure did not contain any summaries or reports stating the nature of the opinion that this expert was offering. Instead, Defendants state that Mr. Rivero will provide expert testimony as to the following: 1) "Plaintiff was properly classified as an exempt employee and therefore not entitled to overtime compensation"; 2) "Plaintiff's duties were primarily administrative in nature, but he also engaged in executive and professional computer systems related tasks"; 3) Plaintiff exercised "considerable discretion and independent judgment; 4) Plaintiff "supervised two subordinate field employees; and 5) Plaintiff "qualifies as a Professional exempt employee because his work involved advanced education and specialized instruction."

4.     Defendants have not produced a complete expert witness report and, thus, their expert should be stricken for noncompliance with the Rules.

5.     Moreover, the anticipated testimony that Mr. Rivero is expected to testify to is as to matters of law; *i.e.*, whether Plaintiff was an exempt employee. Defendants' expert should thus be stricken since the expert's testimony constitutes pure conclusions of law which invade the exclusive domain of the district court judge and therefore constitutes inadmissible expert testimony under Rule 702, Fed.R.Evid. <u>Nieves-Villanueva v. Soto-Rivera</u>, 133 F.3d 92 (1st Cir. 1997); <u>King v. Fox Grocery Co.</u>, 642 F. Supp. 288 (W.D. Penn. 1986).

6.     Plaintiffs' disclosure regarding the anticipated expert testimony is inadmissible. It is the Court, not the jury, which will determine these issues as a matter of law.

7.     Prior to the filing of this motion, the undersigned made a good faith attempt to resolve the issues raised herein with Defendants' counsel. However, Defendants' counsel has refused to dismiss their expert.

**WHEREFORE**, for all the reasons set forth herein, Plaintiff, Gerald Bagwell, respectfully requests that Defendants' expert witness be stricken.  Plaintiff submits the following memorandum of law in support of his motion.

## MEMORANDUM OF LAW

### A.   DEFENDANTS' EXPERT DISCLOSURE IS NONCOMPLAINT WITH LOCAL RULE 16.1K; THUS REQUIRING THAT DEFENDANTS' EXPERT BE STRICKEN

Defendants' failure to comply with the Local Rule's requirement that they provide summaries or reports stating the nature of the opinion that this expert will testify to is in contumacious disregard of Local Rule 16.1K, S.D.Fla.LR., and this Court's trial Order and should therefore be stricken.  United States v. 68.94 Acres of Land, More or Less, Situate in Kent County, State of Delaware, 918 F.2d 389, 396-397 (3rd Cir. 1990), citing Hagans v. Henry Weber Aircraft Dist., Inc., 852 F.2d 60, 64 (3rd Cir. 1988)(holding that the exclusion of the plaintiff's substitute pilot expert was a proper sanction for the plaintiff's failure to disclose all the bases of the original pilot expert's opinion in accordance with the district court judge's pre-trial order); Emerick v. U.S. Suzuki Motor Corp., 750 F.2d 19, 21 (3rd Cir. 1984)(affirming district court's exclusion of plaintiff's expert witness where plaintiff violated local court rules).

It is a well settled principle of law that "'non-compliance with any local rule [or court order] is a practice to be strongly condemned and one which will be penalized if the circumstances warrant such action.'"  Wiss v. Weinberger, 415 F. Supp. 293, 294 n.4 (E.D. Penn 1976) (emphasis added) (citations omitted).

Here, Defendants admit in their Expert Witness Disclosure that they did NOT yet engage Mr. Rivero to prepare an expert witness report.  Therefore, as in the authorities cited herein, Defendants failure to comply with the mandatory requirements of this Court's Trial Order and the

Local Rules mandates sanctions against the Defendants.  Accordingly, Defendants' expert should be stricken.

### B.  DEFENDANTS' EXPERT'S ANTICIPATED TESTIMONY ON MATTERS OF LAW INVADES THE EXCLUSIVE DOMAIN OF THE TRIAL JUDGE AND CONSTITUTES INADMISSIBLE EXPERT TESTIMONY UNDER RULE 702, FED.R.EVID.

Rule 702 of the Federal Rules of Evidence provides that:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

It is axiomatic in federal jurisprudence that an expert witness cannot testify as to the ultimate issue of law or as to conclusions of law. *See e.g.,* Nieves-Villanueva v. Soto-Rivera, 133 F.3d 92 (1st Cir. 1997); King v. Fox Grocery Co., 642 F. Supp. 288 (W.D. Penn. 1986).

In the instant case, Defendants expect their expert to testify as to whether Plaintiff was an administrative and/or executive exempt employee under the Fair Labor Standards Act. Because these issues involve questions of law, they are issues for the Court to determine; not the jury. Ultimately, the Court will decide this issue as a matter of law. Thus, it is improper for Defendants' expert to testify to the trier of fact as to what legal methodology is to be used for the determination of a FLSA exemption.

In Nieves, *supra*, the defense expert presented testimony that many of the actions of the plaintiffs violated Puerto Rican law, that the plaintiffs had "no legitimate expectation of continued renewal of their contracts," and presented excerpts form a Puerto Rican Supreme Court decision and a decision from the United States Court of Appeals for the First Circuit. 133 F.3d at 95-96. The First Circuit held that the use of such testimony was "troubling" and "egregious." The Nieves court in a well reasoned opinion noted the following:

4

It is black-letter law that "[i]t is not for witnesses to instruct the jury as to applicable principles of law, but for the judge." United States v. Newman, 49 F.3d 1, 7 (1st Cir.1995) (quoting Marx & Co. v. Diners' Club, Inc., 550 F.2d 505, 512 (2d Cir.1977)).   At least seven circuit courts have held that the Federal Rules of Evidence prohibit such testimony, and we now join them as to the general rule. See Burkhart v. Washington Metro. Area Transit Auth., 112 F.3d 1207, 1212-14 (D.C.Cir.1997) (reversible error to allow an expert in police practices to opine on whether police officers' efforts in communicating with a deaf plaintiff were enough to satisfy federal disability statutes); Snap-Drape, Inc. v. Commissioner, 98 F.3d 194, 197-98 (5th Cir.1996) (trial court properly excluded taxpayer's expert reports as containing nothing more than legal arguments concerning the tax treatment of certain dividends); Berry v. City of Detroit, 25 F.3d 1342, 1353-54 (6th Cir.1994) (finding inadmissible the comments of an expert in police practices on the meaning of the legal term "deliberate indifference" in a civil rights case); Aguilar v. International Longshoremen's Union, Local # 10, 966 F.2d 443, 447 (9th Cir.1992) (testimony of purported expert that workers reasonably and foreseeably relied on defendants' promises addressed "matters of law for the court's determination" that were "inappropriate subjects for expert testimony"); Specht v. Jensen, 853 F.2d 805 (10th Cir.1988) (en banc) (reversible error to allow an expert witness who was an attorney to give his opinions on what was required to make consent to a search effective); Adalman v. Baker, Watts & Co., 807 F.2d 359, 366 (4th Cir.1986) (finding inadmissible proffered expert opinion concerning whether, under securities laws, disclosure of a particular fact was required in the course of negotiating a transaction); Marx & Co. v. Diners' Club, Inc., 550 F.2d 505 (2d Cir.1977) (securities lawyer, called as an expert, could not testify to the legal obligations created under a contract).   To state the general rule is not to decide the far more complicated and measured question of when there is a transgression of the rule.   We outline some of the considerations and conclude that the rule has been transgressed here.   We leave to future cases the defining of the contours of application of this rule.

In our legal system, purely legal questions and instructions to the jury on the law to be applied to the resolution of the dispute before them is exclusively the domain of the judge.   Accordingly, expert testimony on such purely legal issues is rarely admissible.   As the Second Circuit has noted, "The danger is that the jury may think that the 'expert' in the particular branch of the law knows more than the judge--surely an impermissible inference in our system of law." Marx & Co., 550 F.2d at 512.

* * *

Here, the testimony was plainly not offered to assist the judge, who has presided over many such political discharge cases, and was presented to the jury.

Because the jury does not decide such pure questions of law, such testimony is not helpful to the jury and so does not fall within the literal terms of Fed.R.Evid. 702, which allows expert testimony "[i]f scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a

fact in issue...."  As the D.C. Circuit noted, "Expert testimony that consists of legal conclusions cannot properly assist the trier of fact in either respect...." Burkhart, 112 F.3d at 1212;  see also Aguilar, 966 F.2d at 447 (expert legal opinion does not assist the factfinder under Rule 702).    This is because the judge's expert knowledge of the law makes any such assistance at best cumulative, and at worst prejudicial.   See Burkhart, 112 F.3d at 1213 ("Each courtroom comes equipped with a 'legal expert,' called a judge, and it is his or her province alone to instruct the jury on the relevant legal standards."); 7 WIGMORE ON EVIDENCE § 1952 (Chadbourne rev. 1978) ("It is not the common knowledge of the jury which renders the witness' opinion unnecessary, but the special legal knowledge of the judge.")

Similarly, Fed.R.Evid. 704(a), which removes the common-law bar on "otherwise admissible" testimony that "embraces an ultimate issue to be decided by the trier of fact," does not vitiate the rule against expert opinion on questions of law. The common law did not allow an expert witness to inform the jury of his or her factual conclusion concerning the "ultimate issue" in the case, because this was thought to invade the province of the jury.   The abolition in Rule 704(a) of this "ultimate issue" rule allows the expert witness to offer his or her factual conclusion in order to aid the jury, which properly can choose to accept or reject it.   However, questions of law are not "to be decided by the trier of fact"; rather it is for the judge, not the lawyers or the witnesses, to inform the jury of the law applicable in the case and to decide any purely legal issue. Recently, this court has cautioned that the abolition of the "bar on 'ultimate issue' opinions ... is not a carte blanche for experts."    Dinco v. Dylex, Ltd., 111 F.3d 964, 973 (1st Cir.1997). [footnotes omitted].

Nieves-Villanueva v. Soto-Rivera, 133 F.3d at 99-100.

Mr. Rivero's testimony does nothing to aid the factfinder's understanding of *facts* in this case and if anything, will unfairly prejudice and confuse the jury.  As one scholar noted:

A witness cannot be allowed to give an opinion on a question of law....  In order to justify having courts resolve disputes between litigants, it must be posited as an *a priori* assumption that there is one, but only one, legal answer for every cognizable dispute.   There being only one applicable legal rule for each dispute or issue, it requires only one spokesman of the law, who of course is the judge.... To allow anyone other than the judge to state the law would violate the basic concept.   Reducing the proposition to a more practical level, it would be a waste of time if witnesses or counsel should duplicate the judge's statement of the law, and it would intolerably confound the jury to have it stated differently.

Stoebuck, *Opinions on Ultimate Facts:  Status, Trends, and a Note of Caution*, 41 Den.L.Cent.J. 226, 237 (1964) (footnote omitted).

In fact, in a case almost squarely on point, the Fifth Circuit held that the district court did

not err in a FLSA overtime case when it excluded the expert testimony of a Labor Department investigator offered by plaintiffs where the expert was to testify, *inter alia,* that fire captains were not properly classified as exempt under the FLSA. Alldread v. City of Grenada, 988 F.2d 1425, 1436 (5th Cir. 1993). The Fifth Circuit held that the conclusions which the plaintiffs' expert witness would have given "would have been, in the court's view, inadmissible *legal* conclusions." Id. (emphasis in original); *see also* Owen v. Kerr-McGee Corp., 698 F.2d 236, 240 (5th Cir. 1983)(holding that a witness's offering a legal conclusion on the contributory negligence of a party infringed upon the jury's role in deciding the case).

In Marx & Co. v. Diners' Club, Inc., 550 F.2d 505 (2d Cir.), *cert. denied,* 434 U.S. 861 (1977), another case similar to the case, *sub judice,* the Second Circuit held it was error for the trial court to allow a lawyer to render his opinions on the legal obligations arising from a contract and on the legal significance of various facts in evidence. The court stated, "legal opinions as to the meaning of the contract terms at issue ... was testimony concerning matters outside [the witness's] area of expertise.... It is not for witnesses to instruct the jury as to the applicable principles of law, but for the judge." 550 F.2d at 509-10. Similarly, the Fourth Circuit decided the testimony of an attorney on the meaning and applicability of "domestic" (as opposed to foreign) law would be inadmissible as an invasion of the province of the judge. *See* Adalman v. Baker, Watts & Co., 807 F.2d 359, 366 (4th Cir. 1986). In United States v. Zipkin, 729 F.2d 384 (6th Cir. 1984), the Sixth Circuit reversed the trial court's decision to allow a bankruptcy judge to testify regarding his interpretation of the Bankruptcy Act and his own orders. "It is the function of the trial judge to determine the law of the case," the court stated. "It is impermissible to delegate that function to a jury through the submission of testimony on controlling legal principles." 729 F.2d at 387; *see also* Abbott v. City of Crocker, Missouri, 30 F.3d 994 (8th Cir. 1994)(holding inadmissible the anticipated expert's offer of proof on the issue of qualified

7

immunity, "because qualified immunity is an issue of law for the Court to determine prior to trial.").

The courts in these decisions draw a clear line between permissible testimony on issues of fact and testimony that articulates the ultimate principles of law governing the deliberations of the jury. These courts have decried the latter kind of testimony as directing a verdict, rather than assisting the jury's understanding and weighing of the evidence.

In the instant case, by permitting the jury to hear the anticipated testimony of Defendants' expert regarding whether the job duties performed by Plaintiff, Bagwell, rendered him an administratively and/or executive exempt employee, such an array of legal conclusions which touch upon nearly every element set forth in the pertinent code of federal regulations and under the Florida common law would supplant both the court's duty to set forth the law and the jury's ability to apply this law to the evidence. The conclusions that Mr. Rivero will offer, with respect to whether Plaintiff was an exempt employee who fell under the administrative and/or executive exemptions of the FLSA, are inadmissible legal conclusions with respect to an ultimate issue in this matter. Further, both Plaintiff and Defendants will testify to the facts comprising Plaintiff's claims for relief and Defendants' affirmative defenses and, therefore, Defendants' expert witness' testimony regarding factual findings will be cumulative.

Mr. Rivero's opinion is offered on an ultimate question of law, which encroaches upon the Court's authority to instruct the jury on the law and would allow the jury to infer that it could look upon Mr. Rivero for legal guidance. Id.; see Specht, 853 F.2d at 807. Further, this testimony undeniably requires Mr. Rivero to draw impermissible legal conclusions and evaluate the legal significance of facts adduced at trial, a function expressly reserved for the jury. Breezy Point, 868 F.Supp. at 36; Hygh, 961 F.2d at 363; see Marx & Co., 550 F.2d at 510. The opinion would not be helpful to or assist the trier of fact in deciding any issue before it, particularly since

the Court will instruct the jury on the law to be applied to the facts of this case. Cross, 113 F.Supp.2d at 1285; Specht, 853 F.2d at 808. **"[T]estimony which articulates and applies the relevant law…circumvents the jury's decision-making function by telling it how to decide the case."** (emphasis added) Cross, 113 F.Supp.2d at 1285 (quoting Specht, 853 F.2d at 808). Mr. Rivero is no more qualified than the jury to apply the applicable law, as given to them by the Court, to the evidence presented in the case and thus determine whether Defendants violated the overtime provisions of the FLSA.

Moreover, in testifying that Defendants did not violate overtime provisions of the FLSA and properly classified Plaintiff as exempt, Mr. Rivero will necessarily offer his version of what the FLSA requires or prohibits. Breezy Point, 868 F.Supp. at 36. Any discussion by Mr. Rivero of the controlling legal principles clearly invades the Court's domain, as "'[i]t is not for witnesses to instruct the jury as to applicable principles of law, but for the judge.'" Breezy Point, 868 F.Supp. at 36 (quoting F.H. Krear & Co., 810 F.2d at 1258, quoting Marx & Co., 550 F.2d at 509-10). Mr. Rivero is not qualified to compete with the judge in the function of instructing the jury. Breezy Point, 868 F.Supp. at 36; Hygh, 961 F.2d at 364. Mr. Rivero's testimony regarding the ultimate legal conclusion entrusted to the jury crosses the line and should be excluded. Hygh, 961 F.2d at 364.

In addition, Mr. Rivero is not qualified as an expert witness on matters of fact concerning whether Plaintiff is an employee exempt from the provisions of the FLSA and, therefore, cannot testify as to the factual issues either. In light of the foregoing, Mr. Rivero's anticipated testimony is clearly inadmissible under Rule 702, Fed.R.Evid. Accordingly, Defendants' expert, Mr. Rivero, should be **STRICKEN**.

**[signature on following page]**

9

Dated: February 4, 2005.

Respectfully submitted,

ROTHSTEIN ROSENFELDT ADLER
**Counsel for Plaintiff**
300 Las Olas Place
300 S.E. 2nd Street
Suite 860
Fort Lauderdale, Florida  33301
Tel:     (954) 522-3456
Fax:    (954) 527-8663
Email: acappello@rrdplaw.com

By:
Stuart A. Rosenfeldt, Esq.
Florida Bar No.: 316113
Alana D. Cappello, Esq.
Florida Bar No.: 467847
FOR THE FIRM

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via facsimile and regulary U.S. Mail on this __4th__ day of February, 2005 to: Sally Still, Christine D. Hanley & Associates, P.A., **Counsel for Defendants**, 1000 Southern Boulevard, 2nd Floor, West Palm Beach, Florida 33401

Respectfully submitted,

ROTHSTEIN ROSENFELDT ADLER

By: _____
Stuart A. Rosenfeldt, Esq.
Alana D. Cappello, Esq.
FOR THE FIRM

H:\swrdocs\04-8681\Motion.Strike.Expert.doc

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-60655-CIV-GRAHAM/GARBER

GERALD BAGWELL, individually
and on behalf of all others
similarly situated,

      Plaintiffs,

v.

FLORIDA BROADBAND, LLC, a
Florida Limited Liability Company,
and DEAN C. LOVETT, individually,

      Defendants.

_____/

## DEFENDANTS' EXPERT WITNESS DISCLOSURE

Defendants, Florida Broadband LLC and Dean Lovett, ("Defendants") by and through their

attorneys, Christine D. Hanley & Associates, P.A., and pursuant to Fed. R. Civ. P. 26(a)(2), S.D.

Fla. L.R. 16.1(K), and the Court's July 22, 2004, Scheduling Order, submits its Expert Witness

Disclosure as follows:

**Name and address of expert witness:**

Jorge Rivero
J. Rivero & Associates, Inc.
8473 S.W. 58th Street
Miami, FL 33143
Telephone: (305) 271-9183

1.    **Mr. Rivero's qualifications and publications**: Mr. Rivero's curriculum vitae is

attached hereto as Exhibit A.  The curriculum vitae includes a list of awards and recognition that

Mr. Rivero received between 1980 and 2004 in his various capacities within the United States

Department of Labor.



Bagwell v. Florida Broadband and Dean Lovett
Defendants' Expert Witness Disclosure
Case No.: 04-60655-CIV-GRAHAM/GARBER
Page 2 of 5

2.   **Other cases in which Mr. Rivero has testified as an expert at trial or by**

**deposition within the preceding four years:**

a.   LORENDA RODRIGUEZ, et al., Plaintiffs vs. FARM STORES GROCERY, INC., Defendant; United States District Court, Southern District of Florida, Miami Division, Case No. 02-22451-CIV-JORDAN;

b.   MARCIAL BELL, et al., Plaintiffs vs. IMINT ENTERTAINMENT, LLC, Defendant; United States District Court, Southern District of Florida, Miami Division, Case No. 03-23190-CIV-JORDAN/BROWN;

c.   POSELY vs. ECKERD CORPORATION; United States District Court, Southern District of Florida, Miami Division, Case No. 02-23623-CIV-ALTONAGA/BANDSTRA.

3.   **Compensation to be paid to Mr. Rivero:**  Mr. Rivero's fee schedule is as follows:

$1,500 engagement fee and $ 250 per hour.

4.   **Mr. Rivero's expert witness report:**

a.   **Expected Testimony:**

Mr. Rivero has not yet been engaged to prepare an expert witness report. Mr. Rivero is

expected to testify as follows:  Plaintiff was properly classified as an exempt employee and

therefore not entitled to overtime compensation.  Plaintiff was paid a salary in excess of $250 per

week, not subject to deductions for partial day absences.  Plaintiff's duties were primarily

administrative in nature, but he also engaged in executive and professional computer systems-

related tasks.

Bagwell was a staff employee, the functional head of the MIS operations division.  In that

capacity, he acted as a problem solver, buyer and hardware expert exercising considerable

discretion and independent judgment that the CEO relied upon.  He also supervised two

subordinate field employees, a function of the executive exemption.  Plaintiff also qualifies as a

Professional exempt employee because his work involved advanced education and specialized

instruction and he was highly skilled in computer systems' analysis, providing his employer with information needed to design and implement wireless technology.

b.    **Evidence:**

Mr. Rivero will base his opinions on his examination of the record evidence, which includes but is not limited to the following:  Plaintiff Gerald Bagwell's deposition testimony; documents provided in response to Plaintiff's Requests for Production of documents supporting Defendants' position that Bagwell was an exempt employee, including: invoices for materials purchased and/or sold by Bagwell, contracts Bagwell entered into on behalf of the Defendants, Bagwell's resume, Bagwell's daily notes, Bagwell's subordinates' personnel file documents, Plaintiff's Expert Witness Report if any.

If Bagwell produces discovery subsequent to the time Rivero files his report, Defendants reserve the right to have Rivero amend his report to contradict or rebut Bagwell's evidence.  If Rivero amends his report in response to Bagwell's evidence, Defendants will immediately provide Bagwell with a copy of the amended report.

5.    **Deposition**:  Defendants will make Rivero available for deposition within fourteen days after Rivero's report is produced unless good cause prevent Defendants from making Rivero available for deposition.

Defendants reserve any rights they may have to amend its expert witness disclosure as additional facts are discovered, if any.

Bagwell v. Florida Broadband and Dean Lovett
Defendants' Expert Witness Disclosure
Case No.: 04-60655-CIV-GRAHAM/GARBER
Page 4 of 5

Respectfully submitted,

Sally Still, Esquire
Florida Bar No.: 904414
E-mail:  sstill@cdhanley.com
CHRISTINE D. HANLEY & ASSOCIATES, P.A.
1000 Southern Boulevard, Second Floor
West Palm Beach, Florida 33405
Telephone:  561/659-5646
Facsimile:  561/659-1260

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by U.S. Mail this 26th day of January, 2005, to: Stuart A. Rosenfeldt, Esq., Rothstein Rosenfeldt, 300 Las Olas Place, 300 S.E. 2nd Street, Suite 860 Ft. Lauderdale, Florida  33301.

Sally Still, Esquire
Florida Bar No.: 904414

Bagwell v. Florida Broadband and Dean Lovett
Defendants' Expert Witness Disclosure
Case No.: 04-60655-CIV-GRAHAM/GARBER
Page 5 of 5

# Exhibit "A"



J. RIVERO
&Associates, Inc.
FEDERAL LABOR LAW CONSULTANTS

8473 S.W. 58 St.
Miami, FL 33143
305-271-9183

# Jorge J. Rivero

**CURRICULUM VITAE**

Employed by the U.S. Department of Labor from July 2, 1978 through June 30, 2004 in the positions listed below:

**Experience**



March 1991–June 2004
**DISTRICT DIRECTOR**

Developed and directed the Division's program and operations in South Florida. These included the enforcement, compliance, education and information programs conducted under the statutory authority contained in the Fair Labor Standards Act, Family and Medical Leave Act, Walsh-Healy Public Contracts Act, McNamara-O'Hara Service Contract Act, Migrant and Seasonal Agricultural Worker Protection Act, Davis-Bacon Act and 58 related acts. Was frequently called upon by the National and Regional offices to assist in formulating national and regional enforcement and compliance assistance strategies. Assisted the Solicitor of labor in the preparation of cases for litigation in the Federal District Court. Testified in several cases for the government. Supervised a professional and administrative staff of 38 employees. Member of the Wage and Hour National and Regional Office teaching staff.

October 1988 - March 1991
**ASSISTANT DISTRICT DIRECTOR**

Supervised a staff of 10 investigators in enforcement activities under the laws listed above. This included preparation of civil and criminal cases for litigation.

July 1978 – October 1988
**INVESTIGATOR, WAGE AND HOUR DIVISION**

Performed investigations to determine compliance with the above enumerated laws. Conducted negotiations with employers, teams of senior management officials, attorneys, CPAs, labor management specialists, and other representatives in order to obtain voluntary compliance and payment of back wages and civil money penalties. Prepared cases for civil and criminal litigation.

**Education**

Florida International University                                    Miami, Florida

- 1974 B.S., Education.
- 1986 School of Business Graduate Program – Additional Professional Development

**Communication Skills**

Developed Wage and Hour Division compliance materials such as

- Several of the compliance fact sheets now made available to the general public through the Department of Labor's Web site.
- Interpretive material on Independent Contractors. This material was designed to assist employers and Wage and Hour staffs determine the correct status of workers by providing a comparison between independent contractors an employee status.
- Investigative procedures for the conducting of Garment Industry investigations which are now contained in the Wage and Hour Division's Field Operation Handbook.
- PowerPoint presentations on the Fair Labor Standards Act and the Family Medical Leave Act that are used across the Country by Wage and Hour managers and investigators when they conduct speeches and other seminars for the public.
- Assisted in the development of an informational video for workers in the poultry industry

Directed and participated in the District Office's public information and education program. Regularly answered written and oral inquiries and requests for opinions from employers, employees, employer representatives, public officials, representatives of labor and business organizations, and the general public. Addressed a wide range of audiences, both in English and Spanish (I am fluent in Spanish) such as clients of major labor law firms, employer associations, professional associations, and have appeared on various occasions on television news and talk shows. I have also had ample experience with the print media, giving oral interviews on various Wage & Hour related stories.

**Awards and Recognition**

2004   Certificate of Special Congressional Recognition for Outstanding and Invaluable Service to the Community – U.S. Congressman Lincoln Diaz-Balart

2004   Letter of Recognition In Appreciation for Dedication and Commitment to Serving the People of Florida – U.S. Senator Bill Nelson

2004   Letter of Recognition for 30 Years of Exemplary Service and Remarkable Achievements – U.S. Congresswoman Ileana Ros-Lehtinen

2004   Award in Recognition of 30 years of Public Service

2001   Certificate of appreciation – for Serving as Trainer in Wage and Hour Technician Training Class

2000   Award for Distinguished Career Service

2000   Letter of Appreciation from Wage and Hour Administrator T. Michael Kerr for serving as Coordinator-In-Charge of Investigator Training in Washington D.C., July – August, 2000

1999    Secretary's Exceptional Achievement Award – Fair Harvest/Safe Harvest

1999    Certificate of Appreciation – for Serving as Trainer in Wage and Hour Technician Training Class

1997    Secretary's Exceptional Achievement Award – Eradicating Sweatshops in the Garment Industry Team.

1997    Certificate of Appreciation – for Diligence and Contributions in Strategic Planning for the Southeast Region

1997    Certificate of Appreciation – Cash Award for Participating in District Office's Quality Self Assessment Team

1996    Letter of Appreciation from U.S. Attorney Kendall Coffey for presentation and participation in symposium entitled "Immigration Challenges Facing Florida"

1996    Special Achievement Award – Quality Increase for Sustained Exceptional Performance

1995    Secretary's Exceptional Achievement Award – Atlanta Fact Sheet Group

1995    Secretary's Exceptional Achievement Award – Case Tracking and Information Systems Team

1995    Secretary's Exceptional Achievement Award – Wage and Hour Management Information System Review and Redesign.

1993    Secretary's Exceptional Achievement Award for participation in the Apparel Industry Enforcement Team.

1993    Federal Executive Board Certificate of Award for work in promoting and teaching Total Quality Management for Federal agencies.

1993    Memo from Acting Regional Administrator Alfred H. Perry commending best job of planning done in Region IV.

1991    Letter of congratulations from Regional Administrator James Valin for work on the highly successful South Florida Labor Committee's Fall conference

1990    Thank you letter from Deputy Assistant Secretary William E. Andersen for representing the Department of Labor at the Supermarket Management Conference held by the National Grocers Association

1989    Letter from Federal Labor Manager's Association President Glenn Fierst congratulating Mr. Rivero for his selection to the position of Regional Vice President for the Association

1989    Memorandum from Wage & Hour Administrator Paula Smith advising Mr. Rivero that his suggestion on the use of computers to automate the typing of all form letters and documents had been approved for National distribution.

1989    Certificate of Merit In recognition of  significant contribution through the Employee Suggestion Program

1989    Letter from Federal Manager's Association advising Regional Administrator Carol Gaudin for being  elected to the position of 2nd Regional Vice President in the Field Labor Director's Association

1988    Certificate of Appreciation with Cash Award - In recognition of special contribution to Region IV's suggestion program

1988    Letter of Commendation from Associate Regional Solicitor Donald R. McCoy and Attorney Laurie E. Rucoba for outstanding work on litigation cases

1986    Certificate of Commendation For exceptional achievements made for Federal law enforcement

1986    ESA Information Unlimited Congratulations for outstanding service to the Department of Labor and the working citizens of Dade County, Florida

1986    Letter of Congratulations from Deputy Undersecretary Susan R. Messinger on nomination for the General Investigator of the Year Award

1985    Special Achievement Award Cash award for high quality performance of work assignments over the year prior to the award

1985    Letter of Commendation from Assistant Regional Administrator Richard Robinette for outstanding work on litigation case

1985    Letter of Commendation from Associate Regional Solicitor Donald R. McCoy for outstanding work on litigation case

1985    Letter of Commendation from Associate Regional Solicitor Donald R. McCoy from competence, dedication, and professionalism demonstrated on litigation case

1984    Special Achievement Award Quality Step Increase for high quality performance of work assignments in the one year period prior to the award

1983    Letter of Commendation from Deputy Under Secretary Robert R. Collier for efforts in the first investigation made under Migrant Seasonal Agricultural Worker Protection Act.

1983    Letter of Commendation from Associate Regional Solicitor Donald R. McCoy for work performed in preparation of Farm Labor Contractor Registration Act case for hearing

1983    Special Achievement Award Cash award for exceptional
        performance while working on the Miami Concentrated Action
        Rapid Enforcement System (CARES) Strike Force III

1982    Special Achievement Award Cash award for exceptional
        performance while working on the Miami CARES Strike Force II

1981    Certificate of Appreciation For individual contribution to the
        overall effectiveness of the Miami CARES Strike Force II

1981    Special Achievement Award Quality Step Increase for high
        quality performance of work assignments in the one year period
        prior to the award

1981    Special Achievement Award Cash award for exceptional
        performance while working on the Miami CARES Strike Force I

1980    Certificate of Appreciation for individual contribution to the
        overall effectiveness of the Miami CARES Strike Force I